JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAWN KENNEDY
3861 Frankford Avenue
Philadelphia, PA 19124

**(b)** County of Residence of First Listed Plaintiff ___Philadelphia___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
WEISBERG LAW
Matthew Weisberg, Esq.
7 South Morton Ave.-Morton PA 19070

## DEFENDANTS
CITY OF PHILADELPHIA d/b/a PHILADELPHIA POLICE DEPARTMENT
1515 Arch Street, 16th Floor, Philadelphia, PA 19102-1595

County of Residence of First Listed Defendant ___Philadelphia___
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Tiffany Allen, Esq.
1515 Arch St., 16th Floor
Philadelphia, PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
        Plaintiff

☒ 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 2  U.S. Government
        Defendant

☐ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | Leave Act | ☐ 864 SSID Title XVI | Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding
☒ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation - Transfer
☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII; Monell; 42 U.S.C. §1983, et seq
Brief description of cause:
race discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
01/22/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 09/19)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.     **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| DAWN KENNEDY<br>3861 Frankford Avenue<br>Philadelphia, PA 19124 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | Court of Common Pleas |
| v. | : | Philadelphia County |
| | : | |
| CITY OF PHILADELPHIA d/b/a | : | |
| PHILADELPHIA POLICE DEPARTMENT | : | |
| 1515 Arch Street, 16th Floor | : | |
| Philadelphia, PA 19102 –1595 | : | |
| Defendant. | : | NO. 190904274 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          (  )

( c) Arbitration  – Cases required to be designated for arbitration under Local Civil Rule 53 .2. (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special          (  )
management cases.)

(f)  Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| **January 22, 2020** | _/s/_ | **City of Philadelphia** |
| **Date** | **Attorney-at-law** | **Attorney for** |
| **215-683-5083** | **215-683-5099** | **Tiffany.R.Allen@phila.gov** |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**  **395**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 3861 Frankford Ave. Philadelphia, PA 19124 _____

Address of Defendant: _____ 1515 Arch St., 16th Floor, Philadelphia, PA 19102 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/22/2020 _____    _____ _____    323629
                                   *Must sign here*
                      *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ **Tiffany Allen** _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 01/22/2020 _____    _____ _____    323629
                                   *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JAN 23 2020            JAN 23 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN KENNEDY**<br>**3861 Frankford Avenue**<br>**Philadelphia, PA 19124** | : | |
| | : | **Civil Action No. _____** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **Formerly** |
| | : | **Court of Common Pleas of** |
| **CITY OF PHILADELPHIA** | : | **Philadelphia County** |
| **d/b/a PHILADELPHIA POLICE** | : | |
| **DEPARTMENT** | : | **September Term, 2019** |
| **1515 Arch Street, 16th Floor** | : | **Case Id No. 04274** |
| **Philadelphia, PA 19124** | : | |
| | : | |
| **Defendant.** | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania:**

Pursuant to 28 U.S.C. § 1441, defendant, the City of Philadelphia (hereinafter "petitioner"), through its counsel, Tiffany Allen, Assistant City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendant states the following:

1. On October 2, 2019, Plaintiff initiated this action by filing a Praecipe to Issue a Writ of Summons in the Court of Common Pleas of Philadelphia, September Term, 2019 Case Id No. 0427. See Exhibit A, Plaintiff's Writ.

2. On October 28, 2019, Plaintiff filed a Praecipe to Reissue a Writ of Summons in the Court of Common Pleas of Philadelphia. See Exhibit B, Plaintiff's Second Writ.

3. On November 12, 2019, Defendant filed a Praecipe to File Complaint in the Court of Common Pleas of Philadelphia, See Exhibit C, Defendant's Praecipe.

1

4.   On December 19, 2019, Plaintiff filed a Stipulation to file Complaint on or before January 13, 2020. See Exhibit D, Plaintiff's Stipulation.

5.   On January 9, 2020, Plaintiff filed their Complaint in the Court of Common Pleas of Philadelphia. See Exhibit E, Plaintiff's Complaint.

6.   On January 13, 2020 said Complaint was served on Petitioner at 1515 Arch Street, 14th floor Philadelphia, Pennsylvania.

7.   In her Complaint, plaintiff alleges that defendants violated her civil rights in violation of Civil Rights Act of 1964 (Title VII) and 42 U.S.C. §1983.  Exhibit E, ¶22-27; and ¶30-32.

8.   This action may be removed to this Court pursuant to 28 U.S.C. § 1441 because plaintiff's Complaint contains allegations of violations of her Federal Civil Rights and seeks relief under federal law.  See Exhibit E.

**Wherefore,** Defendant, the City of Philadelphia, respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Date: January 22, 2020

_____
Tiffany Allen
Assistant City Solicitor
Attorney I.D. No. 323629
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
215-683-5083

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN KENNEDY** | : | |
| **3861 Frankford Avenue** | : | |
| **Philadelphia, PA 19124** | : | |
| | : | **Civil Action No. _____** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **Formerly** |
| | : | **Court of Common Pleas of** |
| **CITY OF PHILADELPHIA** | : | **Philadelphia County** |
| **d/b/a PHILADELPHIA POLICE** | : | |
| **DEPARTMENT** | : | **September Term, 2019** |
| **1515 Arch Street, 16th Floor** | : | **Case Id No. 04274** |
| **Philadelphia, PA 19124** | : | |
| | : | |
| **Defendant.** | : | |

## NOTICE OF FILING OF REMOVAL

TO:   Weisberg Law           Schafkopf Law, LLC.
       Matthew Weisberg, Esq.     Gary Schafkopf Esq.
       7 S. Morton Ave.           11 Bala Ave.
       Morton, PA 19070         Bala Cynwyd, PA 19004

       Mildenberg Law Firm
       Brian R. Mildenberg, Esq.
       1735 Market St., Suite 3750
       Philadelphia, PA 19103

PLEASE TAKE NOTICE THAT on January _____, 2020, Defendant the City of Philadelphia d/b/a Philadelphia Police Department, filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

Respectfully submitted,

Date:  January 22, 2020

Tiffany Allen
Assistant City Solicitor
Attorney I.D. No. 323629
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
215-683-5083

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN KENNEDY** | : | |
| **3861 Frankford Avenue** | : | |
| **Philadelphia, PA 19124** | : | |
| | : | **Civil Action No. _____** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **Formerly** |
| | : | **Court of Common Pleas of** |
| **CITY OF PHILADELPHIA** | : | **Philadelphia County** |
| **d/b/a PHILADELPHIA POLICE** | : | |
| **DEPARTMENT** | : | **September Term, 2019** |
| **1515 Arch Street, 16th Floor** | : | **Case Id No. 04274** |
| **Philadelphia, PA 19124** | : | |
| | : | |
| **Defendant.** | : | |

## CERTIFICATE OF SERVICE

I, Tiffany Allen, Assistant City Solicitor do hereby certify that a true and correct copy of the attached Notice of Removal and attachments have been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:    Weisberg Law             Schafkopf Law, LLC.
         Matthew Weisberg, Esq.    Gary Schafkopf Esq.
         7 S. Morton Ave.            11 Bala Ave.
         Morton, PA 19070          Bala Cynwyd, PA 19004

         Mildenberg Law Firm
         Brian R. Mildenberg, Esq.
         1735 Market St., Suite 3750
         Philadelphia, PA 19103

Date: January 22, 2020

                                           _____
                                           Tiffany Allen
                                           Assistant City Solicitor
                                         Attorney I.D. No. 323629
                                         City of Philadelphia Law Department
                                         1515 Arch Street, 16th Floor
                                         Philadelphia, PA  19102
                                         215-683-5083

5

Exhibit "A"

WEISBERG LAW
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiffs**

Schafkopf Law, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
**Attorney for Plaintiffs**

Filed and Attested by the
Office of Judicial Records
02 OCT 2019 10:28 am
A. SILIGRINI

|  |  |
|---|---|
| **DAWN KENNEDY**<br>3861 Frankford Avenue<br>Philadelphia, PA 19124<br>**Plaintiff,**<br>v.<br><br>**CITY OF PHILADELPHIA**<br>**d/b/a PHILADELPHIA POLICE**<br>**DEPARTMENT**<br>1515 Arch Street, 16th Floor<br>Philadelphia, PA 19102-1595<br><br>**Defendants** | **PHILADELPHIA COUNTY COURT**<br>**OF COMMONS PLEAS**<br><br>**No.**<br><br>**JURY TRIAL OF TWELVE (12)**<br>**JURORS DEMANDED** |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

**TO THE PROTHONOTARY:**

Kindly issue a writ of summons against the Defendant in the above-captioned matter.

Respectfully Submitted,

WEISBERG LAW

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ

DATED: 10-2-19

SCHAFKOPF LAW, LLC

BY: */s/ Gary Schafkopf*
GARY SCHAFKOPF, ESQ.

DATED: 10-2-19

Case ID: 190904274

Exhibit "B"

WEISBERG LAW
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiffs**

Schafkopf Law, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
**Attorney for Plaintiffs**

*Filed and Attested by the
Office of Judicial Records
28 OCT 2019 01:31 pm
M. RUSSO*

|  |  |
|---|---|
| **DAWN KENNEDY**<br>3861 Frankford Avenue<br>Philadelphia, PA 19124<br>**Plaintiff,**<br>**v.**<br><br>**CITY OF PHILADELPHIA**<br>**d/b/a PHILADELPHIA POLICE**<br>**DEPARTMENT**<br>1515 Arch Street, 16th Floor<br>Philadelphia, PA 19102-1595<br><br>**Defendants** | : **PHILADELPHIA COUNTY COURT**<br>: **OF COMMONS PLEAS**<br>:<br>: **No.**<br>:<br>: **JURY TRIAL OF TWELVE (12)**<br>: **JURORS DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## PRAECIPE TO REISSUE WRIT OF SUMMONS

**TO THE PROTHONOTARY:**

    Kindly reissue a writ of summons against the Defendant in the above-captioned matter.

Respectfully Submitted,

WEISBERG LAW

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ

DATED: 10-28-19

SCHAFKOPF LAW, LLC

BY: */s/ Gary Schafkopf*
GARY SCHAFKOPF, ESQ.

DATED: 10-28-19

Case ID: 190904274

Exhibit "C"

CITY OF PHILADELPHIA LAW DEPARTMENT
BY:  TIFFANY R. ALLEN
ATTORNEY I.D. #:  323629
1515 ARCH STREET, 16TH FLOOR
PHILADELPHIA, PA 19102
TEL. 215. 683. 5083
FAX. 215. 683. 5099
Tiffany.R.Allen@phila.gov

*Filed and Attested by the*
*Office of Judicial Records*
*12 NOV 2019 01:22 pm*
*S. RICE*

| | | |
|---|---|---|
| DAWN KENNEDY, | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | SEPTEMBER TERM 2019 |
| | : | No. 4274 |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |
| | : | |

## PRAECIPE TO FILE COMPLAINT

**TO THE PROTHONOTARY:**

     **Please enter a rule upon plaintiff to file a complaint within twenty (20) days hereof or suffer an entry of a Judgment of Non Pros.**

          **MARCEL S. PRATT**
          **CITY SOLICITOR**

        **BY:**   **/s/  *Tiffany R. Allen***
             **TIFFANY R. ALLEN**
             **ASSISTANT CITY SOLICITOR**

     **AND NOW, this**       **day of**       **, 2019, a Rule is hereby granted upon plaintiff to file a complaint herein within twenty (20) days after service hereof or suffer the entry of Judgment of Non Pros.**

                 **PROTHONOTARY**

190904274
12 NOV 2019 01:22 pm
S. RICE

Case ID: 190904274

Exhibit "D"

**WEISBERG LAW**
Matthew B. Weisberg
Attorney ID #: 85570
7 S. Morton Avenue
Morton, PA 19070
(610) 690-0801
(610) 690-0880 – Fax

*Filed and Attested by the*
*Office of Judicial Records*
*19 DEC 2019 12:43 pm*
*S. RICE*

Attorney for Plaintiff

| | | |
|---|---|---|
| DAWN KENNEDY | : | COURT OF COMMONN PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | September Term, 2019 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA d/b/a | : | NO. 4274 |
| CITY OF PHILADELPHIA LAW | : | |
| DEPARTMENT | : | |
| | : | **Jury of Twelve (12) Jurors Demanded** |
| Defendant. | : | |

## <u>STIPULATION</u>

AND NOW, this _____ day of _____, 2019, it is hereby

STIPULATED and AGREED, by and between all pertinent parties, by and through their

undersigned counsel, that Plaintiff may file the Complaint on or before January 13, 2019.

**WEISBERG LAW**                    **CITY OF PHILADELPHIA LAW DEPT.**


/s/ Matthew B. Weisberg_____    /s/ Tiffany R. Allen_____
Matthew B. Weisberg, Esquire         Tiffany R. Allen, Esquire
Attorney for Plaintiff               Attorney for Defendants


**AND IT IS SO ORDERED.**


_____
                                                                    J.


Case ID: 190904274

Exhibit "E"

**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No.: 85570
David A. Berlin, Esq.
Attorney ID No.: 314400
7 South Morton Ave.
Morton, PA  19070
610-690-0801
(610) 690-0880 – Fax

**MILDENBERG LAW FIRM**
Brian R. Mildenberg, Esq.
PA Attorney ID No. 84861
1735 Market St.,
Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
brian@mildenberglaw.com
www.MildenbergLaw.com

**SCHAFKOPF LAW, LLC**
Gary Schafkopf, Esq.
PA Attorney ID No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610- Attorney for Plaintiffs
664-5200 Ext 104
Fax: 888-283-1334
Attorneys for Plaintiff

**THIS IS A MAJOR JURY MATTER**
**ASSESSMENT OF DAMAGES REQUIRED**

Filed and Attested by the
Office of Judicial Records
09 JAN 2020 01:20 pm
M. RUSSO

| | |
|---|---|
| **DAWN KENNEDY** : | **PHILADELPHIA COUNTY COURT** |
| 3861 Frankford Avenue : | **OF COMMONS PLEAS** |
| Philadelphia, PA 19124 : | |
| **Plaintiff,** : | **No. 190904274** |
| **v.** : | |
| : | **JURY TRIAL OF TWELVE (12)** |
| **CITY OF PHILADELPHIA** : | **JURORS DEMANDED** |
| **d/b/a PHILADELPHIA POLICE** : | |
| **DEPARTMENT** : | |
| 1515 Arch Street, 16th Floor : | |
| Philadelphia, PA 19102-1595 : | |
| : | |
| **Defendants** : | |
| : | |

### NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |

| | |
|---|---|
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.<br><br> IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br><br>Philadelphia Bar Association<br>One Reading Center<br>11th & Market Streets<br>Philadelphia, PA 19107<br>215-238-6333 | USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO.<br><br>Philadelphia Bar Association<br>One Reading Center<br>11th & Market Streets<br>Philadelphia, PA 19107<br>215-238-6333 |

**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No.: 85570
David A. Berlin, Esq.
Attorney ID No.: 314400
7 South Morton Ave.
Morton, PA  19070
610-690-0801
(610) 690-0880 – Fax

**MILDENBERG LAW FIRM**
Brian R. Mildenberg, Esq.
PA Attorney ID No. 84861
1735 Market St.,
Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
brian@mildenberglaw.com
www.MildenbergLaw.com

**SCHAFKOPF LAW, LLC**
Gary Schafkopf, Esq.
PA Attorney ID No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610- Attorney for Plaintiffs
664-5200 Ext 104
Fax: 888-283-1334
Attorneys for Plaintiff

**THIS IS A MAJOR JURY MATTER**
**ASSESSMENT OF DAMAGES REQUIRED**

|  |  |  |
|---|---|---|
| **DAWN KENNEDY** | : | **PHILADELPHIA COUNTY COURT** |
| 3861 Frankford Avenue | : | **OF COMMONS PLEAS** |
| Philadelphia, PA 19124 | : |  |
| **Plaintiff,** | : | **No. 190904274** |
| **v.** | : |  |
|  | : | **JURY TRIAL OF TWELVE (12)** |
| **CITY OF PHILADELPHIA** | : | **JURORS DEMANDED** |
| **d/b/a PHILADELPHIA POLICE** | : |  |
| **DEPARTMENT** | : |  |
| 1515 Arch Street, 16th Floor | : |  |
| Philadelphia, PA 19102-1595 | : |  |
|  | : |  |
| **Defendants** | : |  |
|  | : |  |

## COMPLAINT

### I.   Parties

1.   Plaintiff, Dawn Kennedy, is an adult individual, residing at 3861 Frankford Ave., Philadelphia, PA 19124. At all times material hereto, Plaintiff was employed by Defendant as a Police Officer for over 17 years. Plaintiff has worked for the Philadelphia Police Department since October 15, 2001, until she was forced to retire on or about March 28, 2019.  Plaintiff is of African American ethnicity.

2.   Defendant, The Philadelphia Police Department ("PPD") is a government agency that conducts business in the Commonwealth of Pennsylvania and is headquartered at 750 Race Street Philadelphia, PA 19106.

### II.   Operative Facts

3.   On or about March 19, 2019, Plaintiff underwent a routine drug test for the PPD. The examiner cut hair from the back of Plaintiff's neck with scissors to use as the sample for the drug test.

4.   Plaintiff also gave a urine sample for her drug test.

5.   On or about March 27, 2019, Internal Affairs arrived at Plaintiff's residence, took her weapon and notified her that her hair strand drug test came back positive for THC. Her urine test came back negative for any drugs. Plaintiff was stunned as she had never used marijuana or tested positive for marijuana use in her 17 years on the police force.

6.   Plaintiff was advised by Internal Affairs that she could be pay for a retest by the city doctor the very next day (March 28, 2019) but that even if the test was negative, the results would not negate the first test. This news was disparaging to Plaintiff as she knew that she did not use marijuana.

7.   Plaintiff, eager to show that she did not use marijuana, decided to go to LabCorp for an independent drug test on March 29, 2019. At LabCorp, the technician took a large chunk of hair from the middle of Plaintiff's head at the root.

8.   Plaintiff's second drug test was negative for THC in both her hair and her urine.

9.   Despite the negative retest, Plaintiff was told that she had only two choices: she could either be terminated immediately, or "retire".

10. Plaintiff had no choice and was forced to officially retire on or about March 29, 2019, in order to save her pension.

11. Upon information and belief and according the PPD city doctor, the amount of THC in Plaintiff's hair was so low that the mere environmental exposure of marijuana to Plaintiff could have caused the positive result.

12. Upon information and belief, discovery will show that hair sample drug tests are not reliable in determining whether an African American person is using any type of drugs. Due to environmental factors, a person can just as easily test positive for drugs if they were in contact or

in an area that had the drug. The drug particles may get trapped to a person even if they did not use the drug.

13. This is the case for African Americans because the density of their hair as well as the high levels of melanin makes it easier for substances to bind to it. African Americans have more false positive results when using hair samples for drug tests compared to Caucasians.

14. Use of hair samples for a drug test has a disparate impact on African Americans.

15. In 2014, the United States Court of Appeals, First Circuit decided a case filed by African American police officers against the Boston Police Department for their wrongful termination after testing positive for cocaine in a routine drug test. <u>Jones v. City of Boston</u> 752 F.3d 38 (1st Cir. 2014).

    a. The court found that the characteristics of African American hair made it more susceptible to false positives. They also believe that the statistics were skewed enough that the results could not have been from chance alone, and therefore a hair sample drug test would have a disparate impact on African Americans.

    b. The court further held that even if the Boston Police Department had proffered a legitimate business need for the drug test (to provide a drug-free work environment), there was still a question as to whether the Department failed to adopt an alternative practice that would satisfy its legitimate business need without a similarly undesirable racial effect.

16. Plaintiff filed an EEOC in June of 2019 and received her right to sue letter. (Exh. A).

17. Due to the actions of the PPD, Plaintiff was forced to retire early and was unjustly treated on a discriminatory basis, due to the disparate impact created by hair sample drug testing on African Americans.

18. Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

19. The conduct of the Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights, including as a result of failing to train and supervise. Specifically, Defendants use of hair samples for a drug test is shown to have a disparate impact on African Americans. Philadelphia Police Department has failed to adopt alternative practices without a disparate racial effect.

20. Upon information and belief, former Philadelphia Police Commissioner, Richard Ross, Jr., was the decision maker regarding the aforesaid custom, policy, and/or practice.

## COUNT I
## VIOLATION OF TITLE VII

21. The foregoing paragraphs are hereby incorporated herein by reference.

22. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

23. The aforesaid use of hair samples for a drug test by Defendant has a disparate impact on African Americans, including Plaintiff.

24. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

25. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant discriminatory acts unless and until this Court grants the relief requested herein.

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that this Court grant the following relief to Plaintiff:

a) declaring the acts and practices complained of herein to be in violation of Section 1983 and Title VII;

b) Enjoining and permanently restraining the aforesaid violations;

c) entering judgment against the Defendant and in favor of Plaintiff in an amount to be determined; awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding punitive damages to Plaintiff;

d) awarding Plaintiff such other damages as are appropriate under Section 1983 and Title VII;

e) awarding Plaintiff, the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and, granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## COUNT II
## MONELL

26. The above paragraphs are hereby incorporated herein by reference.

27. Prior to the events described herein, Defendant failed to train, supervise, and discipline the action of its officers, exhibiting deliberate indifference to the Constitutional rights of persons, which caused violation of Plaintiff's constitutional and other rights, in violation of 42 U.S.C. § 1983.

28. Specifically, Defendants use of hair samples for a drug test is shown to have a disparate impact on African Americans. Philadelphia Police Department has failed to adopt alternative practices without a disparate racial effect.

29. Plaintiffs suffered harm due to the Defendant's conduct.

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that this Court grant the following relief to Plaintiff:

f)  declaring the acts and practices complained of herein to be in violation of Section 1983 and Title VII;

g)  Enjoining and permanently restraining the aforesaid violations;

h)  entering judgment against the Defendant and in favor of Plaintiff in an amount to be determined; awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding punitive damages to Plaintiff;

i)  awarding Plaintiff such other damages as are appropriate under Section 1983 and Title VII;

j)  awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and, granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## COUNT III
## 42 U.S.C. § 1983, et seq., THROUGH U.S. CONSTITUTIONAL AMENDMENT XIV (EQUAL PROTECTION)

30. The above paragraphs are hereby incorporated herein by reference.

31. Defendants' actions stated above were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other civil rights, as well as state law.

32. Specifically, Defendants use of hair samples for a drug test is shown to have a disparate impact on African Americans. Philadelphia Police Department has failed to adopt alternative practices without a disparate racial effect.

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that this Court grant the following relief to Plaintiff:

k)  declaring the acts and practices complained of herein to be in violation of Section 1983 and Title VII;

l)  Enjoining and permanently restraining the aforesaid violations;

m) entering judgment against the Defendant and in favor of Plaintiff in an amount to be determined; awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding punitive damages to Plaintiff;

n)  awarding Plaintiff such other damages as are appropriate under Section 1983 and Title

VII;

o)  awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable

attorneys' fees; and, granting such other and further relief as this Court may deem just, proper, or

equitable including other equitable and injunctive relief providing restitution for past violations

and preventing future violations.

## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues so triable herein.

Respectfully submitted,

**WEISBERG LAW**

*/s/ Matthew Weisberg*
Matthew B. Weisberg, Esq.
PA Attorney ID No. 85570
David A. Berlin, Esq.
PA Attorney ID No. 314400
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorneys for Plaintiff

**MILDENBERG LAW FIRM**

*/s/ Brian Mildenberg*
Brian R. Mildenberg, Esq.
PA Attorney ID No. 84861
1735 Market St.,
Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
brian@mildenberglaw.com
www.MildenbergLaw.com
Attorney for Plaintiff

**SCHAFKOPF LAW, LLC**

*/s/ Gary Schafkopf*
Gary Schafkopf, Esq.
PA Attorney ID No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610- Attorney for Plaintiffs
664-5200 Ext 104
Fax: 888-283-1334
Attorney for Plaintiff

**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No.: 85570
David A. Berlin, Esq.
Attorney ID No.: 314400
7 South Morton Ave.
Morton, PA  19070
610-690-0801
(610) 690-0880 – Fax

**THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES REQUIRED**

Attorneys for Plaintiff

| | | |
|---|---|---|
| **DAWN KENNEDY** | : | **PHILADELPHIA COUNTY COURT** |
| 3861 Frankford Avenue | : | **OF COMMONS PLEAS** |
| Philadelphia, PA 19124 | : | |
| **Plaintiff,** | : | **No. 190904274** |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | **JURY TRIAL OF TWELVE (12)** |
| **d/b/a PHILADELPHIA POLICE** | : | **JURORS DEMANDED** |
| **DEPARTMENT** | : | |
| 1515 Arch Street, 16th Floor | : | |
| Philadelphia, PA 19102-1595 | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, David A. Berlin, Esquire, hereby certify that on this 9th day of January 2020, a true and correct copy of the foregoing Complaint was served via e-filing upon the following parties:

Tiffany R. Allen, Esq.
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

**WEISBERG LAW**
/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff

# EXHIBIT A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Dawn Kennedy
3861 Frankford Avenue
Philadelphia, PA 19124

From:  Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

| | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-04588 | Legal Unit, Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| | |
|---|---|
| [ ] | More than 180 days have passed since the filing of this charge. |
| [X] | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| [X] | The EEOC is terminating its processing of this charge. |
| [ ] | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| | |
|---|---|
| [ ] | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
| [ ] | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R Williamson*

7/5/2019

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

Enclosures(s)

.cc:  Linda Busillo
PHILADELPHIA LAW DEPARTMENT
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

Lisa Claire, Esq.
MILDENBERG LAW FIRM
1735 Market Street, Ste. 3750
Philadelphia, PA 19103

Case ID: 19090427

Enclosure with EEOC
Form 161-B (11/18)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** <u>2 years (3 years)</u> **before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> **of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Case ID: 19090427