**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No.: 85570
David A. Berlin, Esq.
Attorney ID No.: 314400
7 South Morton Ave.
Morton, PA 19070
610-690-0801
(610) 690-0880 – Fax

**MILDENBERG LAW FIRM**
Brian R. Mildenberg, Esq.
PA Attorney ID No. 84861
1735 Market St.,
Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
brian@mildenberglaw.com
www.MildenbergLaw.com

**SCHAFKOPF LAW, LLC**
Gary Schafkopf, Esq.
PA Attorney ID No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610- Attorney for Plaintiffs
664-5200 Ext 104
Fax: 888-283-1334
Attorneys for Plaintiff

**THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES REQUIRED**

*Filed and Attested by the
Office of Judicial Records
09 JAN 2020 01:20 pm
M. RUSSO*

Case ID: 190904274

|  |  |
|---|---|
| **DAWN KENNEDY** | **PHILADELPHIA COUNTY COURT** |
| 3861 Frankford Avenue | **OF COMMONS PLEAS** |
| Philadelphia, PA 19124 |  |
| **Plaintiff,** | No. 190904274 |
| v. |  |
|  | **JURY TRIAL OF TWELVE (12)** |
| **CITY OF PHILADELPHIA** | **JURORS DEMANDED** |
| d/b/a **PHILADELPHIA POLICE** |  |
| **DEPARTMENT** |  |
| 1515 Arch Street, 16th Floor |  |
| Philadelphia, PA 19102-1595 |  |
|  |  |
| **Defendants** |  |

# NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |

| | |
|---|---|
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.<br><br> IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>Philadelphia Bar Association<br>One Reading Center<br>11th & Market Streets<br>Philadelphia, PA 19107<br>215-238-6333 | USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO.<br><br>Philadelphia Bar Association<br>One Reading Center<br>11th & Market Streets<br>Philadelphia, PA 19107<br>215-238-6333 |

Case ID: 190904274

| | |
|---|---|
| **WEISBERG LAW**<br>Matthew B. Weisberg, Esq.<br>Attorney ID No.: 85570<br>David A. Berlin, Esq.<br>Attorney ID No.: 314400<br>7 South Morton Ave.<br>Morton, PA  19070<br>610-690-0801<br>(610) 690-0880 – Fax | **THIS IS A MAJOR JURY MATTER**<br>**ASSESSMENT OF DAMAGES REQUIRED** |

**MILDENBERG LAW FIRM**
Brian R. Mildenberg, Esq.
PA Attorney ID No. 84861
1735 Market St.,
Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
brian@mildenberglaw.com
www.MildenbergLaw.com

**SCHAFKOPF LAW, LLC**
Gary Schafkopf, Esq.
PA Attorney ID No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610- Attorney for Plaintiffs
664-5200 Ext 104
Fax: 888-283-1334
Attorneys for Plaintiff

|  |  |
|---|---|
| **DAWN KENNEDY** | **PHILADELPHIA COUNTY COURT** |
| 3861 Frankford Avenue | **OF COMMONS PLEAS** |
| Philadelphia, PA 19124 | |
| **Plaintiff,** | No. 190904274 |
| v. | |
| | **JURY TRIAL OF TWELVE (12)** |
| **CITY OF PHILADELPHIA** | **JURORS DEMANDED** |
| **d/b/a PHILADELPHIA POLICE** | |
| **DEPARTMENT** | |
| 1515 Arch Street, 16th Floor | |
| Philadelphia, PA 19102-1595 | |
| **Defendants** | |

# COMPLAINT

## I. Parties

1. Plaintiff, Dawn Kennedy, is an adult individual, residing at 3861 Frankford Ave., Philadelphia, PA 19124. At all times material hereto, Plaintiff was employed by Defendant as a Police Officer for over 17 years. Plaintiff has worked for the Philadelphia Police Department since October 15, 2001, until she was forced to retire on or about March 28, 2019. Plaintiff is of African American ethnicity.

2. Defendant, The Philadelphia Police Department ("PPD") is a government agency that conducts business in the Commonwealth of Pennsylvania and is headquartered at 750 Race Street Philadelphia, PA 19106.

## II. Operative Facts

3. On or about March 19, 2019, Plaintiff underwent a routine drug test for the PPD. The examiner cut hair from the back of Plaintiff's neck with scissors to use as the sample for the drug test.

4. Plaintiff also gave a urine sample for her drug test.

5. On or about March 27, 2019, Internal Affairs arrived at Plaintiff's residence, took her weapon and notified her that her hair strand drug test came back positive for THC. Her urine test came back negative for any drugs. Plaintiff was stunned as she had never used marijuana or tested positive for marijuana use in her 17 years on the police force.

6. Plaintiff was advised by Internal Affairs that she could be pay for a retest by the city doctor the very next day (March 28, 2019) but that even if the test was negative, the results would not negate the first test. This news was disparaging to Plaintiff as she knew that she did not use marijuana.

7. Plaintiff, eager to show that she did not use marijuana, decided to go to LabCorp for an independent drug test on March 29, 2019. At LabCorp, the technician took a large chunk of hair from the middle of Plaintiff's head at the root.

8. Plaintiff's second drug test was negative for THC in both her hair and her urine.

9. Despite the negative retest, Plaintiff was told that she had only two choices: she could either be terminated immediately, or "retire".

10. Plaintiff had no choice and was forced to officially retire on or about March 29, 2019, in order to save her pension.

11. Upon information and belief and according the PPD city doctor, the amount of THC in Plaintiff's hair was so low that the mere environmental exposure of marijuana to Plaintiff could have caused the positive result.

12. Upon information and belief, discovery will show that hair sample drug tests are not reliable in determining whether an African American person is using any type of drugs. Due to environmental factors, a person can just as easily test positive for drugs if they were in contact or

in an area that had the drug. The drug particles may get trapped to a person even if they did not use the drug.

13. This is the case for African Americans because the density of their hair as well as the high levels of melanin makes it easier for substances to bind to it. African Americans have more false positive results when using hair samples for drug tests compared to Caucasians.

14. Use of hair samples for a drug test has a disparate impact on African Americans.

15. In 2014, the United States Court of Appeals, First Circuit decided a case filed by African American police officers against the Boston Police Department for their wrongful termination after testing positive for cocaine in a routine drug test. <u>Jones v. City of Boston</u> 752 F.3d 38 (1st Cir. 2014).

   a. The court found that the characteristics of African American hair made it more susceptible to false positives. They also believe that the statistics were skewed enough that the results could not have been from chance alone, and therefore a hair sample drug test would have a disparate impact on African Americans.

   b. The court further held that even if the Boston Police Department had proffered a legitimate business need for the drug test (to provide a drug-free work environment), there was still a question as to whether the Department failed to adopt an alternative practice that would satisfy its legitimate business need without a similarly undesirable racial effect.

16. Plaintiff filed an EEOC in June of 2019 and received her right to sue letter. (Exh. A).

17. Due to the actions of the PPD, Plaintiff was forced to retire early and was unjustly treated on a discriminatory basis, due to the disparate impact created by hair sample drug testing on African Americans.

Case ID: 190904274

18. Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

19. The conduct of the Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights, including as a result of failing to train and supervise. Specifically, Defendants use of hair samples for a drug test is shown to have a disparate impact on African Americans. Philadelphia Police Department has failed to adopt alternative practices without a disparate racial effect.

20. Upon information and belief, former Philadelphia Police Commissioner, Richard Ross, Jr., was the decision maker regarding the aforesaid custom, policy, and/or practice.

## COUNT I
## VIOLATION OF TITLE VII

21. The foregoing paragraphs are hereby incorporated herein by reference.

22. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

23. The aforesaid use of hair samples for a drug test by Defendant has a disparate impact on African Americans, including Plaintiff.

24. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

25. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant discriminatory acts unless and until this Court grants the relief requested herein.

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that this Court grant the following relief to Plaintiff:

a) declaring the acts and practices complained of herein to be in violation of Section 1983 and Title VII;

b) Enjoining and permanently restraining the aforesaid violations;

c) entering judgment against the Defendant and in favor of Plaintiff in an amount to be determined; awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding punitive damages to Plaintiff;

d) awarding Plaintiff such other damages as are appropriate under Section 1983 and Title VII;

e) awarding Plaintiff, the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and, granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## COUNT II
## MONELL

26. The above paragraphs are hereby incorporated herein by reference.

27. Prior to the events described herein, Defendant failed to train, supervise, and discipline the action of its officers, exhibiting deliberate indifference to the Constitutional rights of persons, which caused violation of Plaintiff's constitutional and other rights, in violation of 42 U.S.C. § 1983.

28. Specifically, Defendants use of hair samples for a drug test is shown to have a disparate impact on African Americans. Philadelphia Police Department has failed to adopt alternative practices without a disparate racial effect.

29. Plaintiffs suffered harm due to the Defendant's conduct.

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that this Court grant the following relief to Plaintiff:

    f)   declaring the acts and practices complained of herein to be in violation of Section 1983 and Title VII;

    g)   Enjoining and permanently restraining the aforesaid violations;

    h)   entering judgment against the Defendant and in favor of Plaintiff in an amount to be determined; awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding punitive damages to Plaintiff;

    i)   awarding Plaintiff such other damages as are appropriate under Section 1983 and Title VII;

    j)   awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and, granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**COUNT III**
**42 U.S.C. § 1983, et seq., THROUGH U.S. CONSTITUTIONAL AMENDMENT XIV**
**(EQUAL PROTECTION)**

30. The above paragraphs are hereby incorporated herein by reference.

31. Defendants' actions stated above were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other civil rights, as well as state law.

32. Specifically, Defendants use of hair samples for a drug test is shown to have a disparate impact on African Americans. Philadelphia Police Department has failed to adopt alternative practices without a disparate racial effect.

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that this Court grant the following relief to Plaintiff:

k) declaring the acts and practices complained of herein to be in violation of Section 1983 and Title VII;

l) Enjoining and permanently restraining the aforesaid violations;

m) entering judgment against the Defendant and in favor of Plaintiff in an amount to be determined; awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding punitive damages to Plaintiff;

n) awarding Plaintiff such other damages as are appropriate under Section 1983 and Title

Case ID: 190904274

VII;

o)  awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and, granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues so triable herein.

Respectfully submitted,

**WEISBERG LAW**

*/s/ Matthew Weisberg*
Matthew B. Weisberg, Esq.
PA Attorney ID No. 85570
David A. Berlin, Esq.
PA Attorney ID No. 314400
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorneys for Plaintiff

**MILDENBERG LAW FIRM**

*/s/ Brian Mildenberg*
Brian R. Mildenberg, Esq.
PA Attorney ID No. 84861
1735 Market St.,
Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
brian@mildenberglaw.com
www.MildenbergLaw.com
Attorney for Plaintiff

Case ID: 190904274

**SCHAFKOPF LAW, LLC**

*/s/ Gary Schafkopf*
Gary Schafkopf, Esq.
PA Attorney ID No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610- Attorney for Plaintiffs
664-5200 Ext 104
Fax: 888-283-1334
Attorney for Plaintiff

| | |
|---|---|
| **WEISBERG LAW** <br> Matthew B. Weisberg, Esq. <br> Attorney ID No.: 85570 <br> David A. Berlin, Esq. <br> Attorney ID No.: 314400 <br> 7 South Morton Ave. <br> Morton, PA  19070 <br> 610-690-0801 <br> (610) 690-0880 – Fax | **THIS IS A MAJOR JURY MATTER** <br> **ASSESSMENT OF DAMAGES REQUIRED** <br><br><br><br><br><br> Attorneys for Plaintiff |

|   |   |   |
|---|---|---|
| **DAWN KENNEDY** | : | **PHILADELPHIA COUNTY COURT** |
| 3861 Frankford Avenue | : | **OF COMMONS PLEAS** |
| Philadelphia, PA 19124 | : | |
| **Plaintiff,** | : | No. 190904274 |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | **JURY TRIAL OF TWELVE (12)** |
| **d/b/a PHILADELPHIA POLICE** | : | **JURORS DEMANDED** |
| **DEPARTMENT** | : | |
| 1515 Arch Street, 16th Floor | : | |
| Philadelphia, PA 19102-1595 | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, David A. Berlin, Esquire, hereby certify that on this 9th day of January 2020, a true and correct copy of the foregoing Complaint was served via e-filing upon the following parties:

Tiffany R. Allen, Esq.
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

**WEISBERG LAW**
/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff

Case ID: 190904274

# EXHIBIT A

Case ID: 190904274

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Dawn Kennedy<br>3861 Frankford Avenue<br>Philadelphia, PA 19124 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-04588 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____      7/5/2019
Janie R. Williamson,                  *(Date Mailed)*
District Director

Enclosures(s)

cc:
| Linda Busillo<br>PHILADELPHIA LAW DEPARTMENT<br>1515 Arch Street, 16th Floor<br>Philadelphia, PA 19102 | Lisa Claire, Esq.<br>MILDENBERG LAW FIRM<br>1735 Market Street, Ste. 3750<br>Philadelphia, PA 19103 |
|---|---|

Case ID: 190904274

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Case ID: 190904274